# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997



**FILED**

**February 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **LEE C. HAMRICK,** | ) | **C.C.A. NO. 02C01-9609-CR-00294** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. BERNIE WEINMAN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |


FOR THE APPELLANT:

LEE C. HAMRICK
Pro Se
3735 Riverside Drive
Knoxville, TN 37914

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

P. T. HOOVER
Assistant District Attorney
201 Poplar Street, Ste. 301
Memphis, TN 38103


OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

On April 18, 1994, in the Shelby County Criminal Court, Appellant, Lee C. Hemrick, entered multiple guilty pleas to theft charges. He received an effective sentence of fifteen years. Appellant filed no direct appeal. In this appeal, Appellant presents the following issue for review: whether the trial court erred in dismissing Appellant's petition for post-conviction relief.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

On May 31, 1996, Appellant filed his petition for post-conviction relief. On June 18, 1996, the trial court dismissed Appellant's petition without conducting an evidentiary hearing, finding that it was barred by the statute of limitations. Appellant filed a notice of appeal to this Court on July 29, 1996, more than thirty days from the judgment of the trial court.

Initially, we note that Appellant's appeal should be dismissed because it was untimely filed on July 29, 1996. TENN. R. APP. P. 4(a). In addition, the judgment of the trial court is correct.

Prior to the adoption of the recent Post-Conviction Procedure Act, petitions like the present one had to be filed within three years of the date of the final action of the highest state appellate court to which an appeal was taken. Tenn. Code Ann. § 40-30-102 (1995, Repl.). Accordingly, the three-year statute of limitations would have expired on April 18, 1997. However, the new Post-

Conviction Procedure Act, which took effect on May 10, 1995, subsequently reduced the three-year statute of limitations to one year. Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). Appellant's three-year filing period had not expired at the time the new act took effect.

This Court held in Kenneth Culp v. State that "the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995." C.C.A. No. 02C01-9608-CC-00268, Lauderdale County (Tenn. Crim. App., Jackson, July 24, 1997). This act provides in part: "Notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). Because the previous three-year statute of limitations had not expired for Appellant at the time the new Act took effect, his right to petition for post-conviction relief survived under the new Act.

Therefore, Appellant had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. See Culp, C.C.A. No. 02C01-9608-CC-0268, slip op. He filed his petition for post-conviction relief on May 31, 1996, shortly after the expiration of the one-year statute of limitations. Accordingly, we conclude that the trial court properly dismissed Appellant's petition as barred by the statute of limitations and affirm the judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

-4-

_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL,